

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# Cynthia Sands v. Sherry Wagner

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cynthia Sands v. Sherry Wagner" (2009). *2009 Decisions.* Paper 1827.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1827

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1439
_____

CYNTHIA SANDS

v.

SHERRY K. WAGNER; DONALD W. KLINE II;
STAT NURSE, INC.; STAT HEALTH SERVICES, INC.;
GUARDIAN HEALTH SERVICES, INC.;
TRIAGE STAFFING INC.; GHS HEALTHCARE INC. ;
NORDIC INVESTMENTS; TIR PARTNERS; GAURDIAN
NURSING SERVICES, INC

DONALD W
LINE, II; STAT HEALTH SERVICES, INC; n/k/a
GUARDIAN HEALTH SERVICES, INC and GHS HEALTHCARE,
INC n/k/a GUARDIAN NURSING SERVICES, INC,

Appellants

_____

No. 08-1484
_____

CYNTHIA SANDS,
Appellant

v.

SHERRY K. WAGNER; DONALD W. KLINE; STAT NURSE INC;
STAT HEALTH SERVICES, INC; GUARDIAN HEALTH SERVICES, INC.;

GUARDIAN HEALTH SERVICES, INC.;TRIAGE STAFFING INC;
GHS HEALTHCARE INC, n/k/a GUARDIAN NURSING SERVICES INC;
GUARDIAN NURSING SERVICES INC; NORDIC INVESTMENTS INC; TIR
PARTNERS

Appeals from the United States District Court
for the Middle District of Pennsylvania
(No. 01-cv-1475)
District Judge: Honorable Malcolm Muir

Submitted pursuant to Third Circuit LAR 34.1(a)
February 5, 2009

Before: McKEE , JORDAN and LOURIE,[*] Circuit Judges,

(Filed: February 24, 2009)

_____

OPINION OF THE COURT
_____

MCKEE, Circuit Judge:

This consolidated appeal arises from the execution of a Stock Purchase Agreement

and involves two different sets of defendants who are appealing the order of the district

court granting judgment in favor of Plaintiff Cynthia Sands.   For the reasons that follow,

_____

[*] The Honorable Alan D. Lourie, Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

2

we will affirm.

## I.

The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. The final order of the district court was entered on January 11, 2008. The notice of appeal for defendants Sherry Wagner and STAT Nurse, Inc. was not filed until February 14, 2008. However, since Donald Kline and the remaining defendants timely filed an appeal on February 8, the time for filing an appeal for the remaining parties was enlarged by operation of Fed. R. App. P. 4(a)(3) ("If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."). Wagner's appeal was therefore timely.

## I.

Inasmuch as we write primarily for the parties, we need not discuss the factual or procedural background except insofar as it may be useful to our brief discussion. Because of the thoroughness of the district court's consideration of the issues that have been raised, we can primarily rely on the district court's explanation of why the defendants arguments are not meritorious.

All defendants argue that Pennsylvania's "gist of the action" doctrine precludes Sands' claims against them. *See eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d

10, 14 (Pa. Super. 2002) (explaining that the gist of the action doctrine operates to "preclude[] plaintiffs from re-casting ordinary breach of contract claims [as] tort claims"). In rejecting the defendants' attempt to rely on that doctrine in the Defendants' Motion to Dismiss, the district court explained:

> The duties allegedly breached in this case expend well beyond the terms of the Stock Purchase Agreement entered into between Sands and Wagner. None of the Kline Defendants were a party to that agreement. The unlawful activities allegedly undertaken by Wagner and the Kline Defendants (i.e., the conspiracy to defraud Sands) comprise an essential, if not the dominant, facet of this case. The breach of contract claim relates to Wagner's failure to pay Sands pursuant to the terms of the Stock Purchase Agreement. The claims which the Defendants now seek to have dismissed relate to other conduct concerning an unlawful agreement between Wagner and Kline to start a business essentially identical to Stat Nurse, Inc. [and transferring all of Stat Nurse's assets and customers to the new corporation], thereby defrauding Sands from the benefit of her contract with Wagner. The duties implicated by that conduct are imposed by social policies, and not by the Stock Purchase Agreement.

(App. 234.) We can add little to the court's explanation and we will therefore affirm the district court's rejection of the "gist of the action" doctrine substantially for the reasons set forth by the district court.

All defendants also argue that Sands was in material breach of the Stock Purchase Agreement as a matter of law. The district court explained why defendants' attempt to rely on the doctrine of "substantial performance" to establish a material breach of the stock purchase was mertiless. Once again, we can rely on the district court's explanation to resolve that argument on appeal. In its order of July 24, 2007, the court explained:

> As stated above, only a single special verdict question was posed to the

4

jury. The issue of whether Sands substantially performed the obligations imposed upon her by the Stock Purchase Agreement was not presented to the jury and no party objected to the failure to present it to the jury. Had this issue been raised at the appropriate time (i.e., upon review of the special verdict question or after hearing the jury instructions and before counsels' closing arguments), we would have considered tailoring the jury instructions and adding any necessary special verdict questions.

In effect, the Defendants are now attempting to substitute a significantly different legal standard into the case. We are of the view that their attempt is untimely, inappropriate, and unfairly prejudicial to Sands. The Defendants waived their opportunity to litigate the question of Sands's substantial performance when they failed to object to the jury instructions and ask that the matter be presented to the jury in a special verdict question. Had the matter been raised at that point, Sands could have responded. Because the jury has been dismissed, it is now inappropriate and would be prejudicial to Sands to attempt to change the governing legal standard.

(App. 218-19.) Moreover, as the district court also explained, the evidence failed to support defendants' theory in any event. (App. 219-23.)

All defendants next argue that the district court erred in allowing the question of fraud to go to the jury even though the evidence did not support a finding of fraud. In its January 11, 2008, Order denying defendants' post-trial motions, the district court ruled that this position was untenable because it "fails to consider a substantial amount of evidence." (App. 14). We agree.

Kline, Stat Health Services, Inc., n/k/a Guardian Health Services, Inc., and GHS Healthcare, Inc., n/k/a Guardian Nursing Services, Inc. (the "Kline Defendants") raise an objection to the jury charge in the first trial. They claim the district court committed reversible error when it charged the jury that Sands' burden of proof on the conspiracy to defraud was a "preponderance of the evidence" rather than "clear and convincing

5

evidence." They are correct in pointing out that the charge was erroneous. No defendants objected to the charge. However, in *Beardshall v. Minuteman Press Int'l, Inc.*, 664 F.2d 23, 27 (3d Cir. 1981), we held that an error in the instructions regarding the burden of proof is fundamental, and can entitle a defendant to a new trial even in the absence of contemporaneous objection. Nevertheless, that does not end our inquiry because defendants did submit proposed jury instructions. The proposed instructions that were offered did not include an instruction that conspiracy to defraud must be established by clear and convincing evidence. We have held that this is "tantamount to invited error," and does not require reversal. *2260 Woodley Road Joint Venture v. ITT Sheraton Corp.*, 369 F.3d 732, 744 (3d Cir. 2006). Accordingly, although their challenge to this portion of the jury charge is technically correct, given the "invited error," it does not warrant relief.

Finally, the Kline Defendants argue that it was reversible error for the district court to refuse Kline's request for a charge on malice and lack of justification in connection with the fraud charge. The district court considered that argument in ruling on post-trial motions. Kline did make this objection at trial, so we review for abuse of discretion, unless the instruction actually misstates the law, in which case our review is plenary. *Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir. 1999). We do not believe this portion of the charge misstated the law, nor do we find that the district court abused its discretion in refusing Kline's requests for additional

6

instructions.

In her *pro se* brief, Wagner raises the additional argument that the Stock Purchase Agreement should be considered void *ab initio* because "STAT Nurse upon sale provided services that were no longer legal to provide." She bases this argument on her allegation that it was improper under various tax laws to treat certain kinds of nurses as "independent contractors" rather than "employees," and that Sands allegedly sold her the business without revealing that the agency was violating these tax laws. We reject this argument substantially for the reasons articulated by the district court in its January 11, 2008 Order. (*See* App. 9-11.)

## II.

For the reasons set forth above, the judgment of the district court will be affirmed.